UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LEN GALE,**

    **Plaintiff,**

v.                                                                         Case No: 8:15-cv-2742-MSS-TBM

**OCWEN LOAN SERVICING, LLC,**

    **Defendant.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Parties' Joint Notice of Decision in *Spokeo v. Robins* and Incorporated Motions to Reopen the Case and Reinstate Ocwen's Motion to Dismiss, (Dkt. 19), and Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.  (Dkt. 22)

Plaintiff filed this action in state court alleging that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72, in connection with servicing a mortgage loan.  (Dkt. 2)  On November 24, 2015, Defendant removed the action to federal court based on federal question jurisdiction, due to Plaintiff's TCPA claim.  (Dkt. 1)  On January 15, 2016, Defendant filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim.  (Dkt. 13)  However, on Defendant's unopposed motion, on April 8, 2016, the Court stayed the instant action pending the Supreme Court's decision in

Spokeo, Inc. v. Robins, 135 S. Ct. 1892 (2015), which would likely affect the viability of Plaintiff's TCPA claim.  (Dkt. 18)  The Court's Order terminated all pending motions in the action, including Defendant's Motion to Dismiss, and administratively closed the case.  (Id.)

On May 16, 2016, the U.S. Supreme Court rendered the Spokeo decision.  Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016).  Thereafter, the Parties filed the instant Notice advising this Court of the Supreme Court's decision and its potential impact on Plaintiff's TCPA claim.  (Dkt. 19)  The Notice incorporated a motion to reopen the case and a motion to either (1) require Plaintiff to amend his Complaint or (2) reinstate Defendant's Motion to Dismiss.  (Id.)

After the Parties' filing of the instant Notice, however, Plaintiff filed an Amended Complaint eliminating the TCPA claim, the only federal claim included in Plaintiff's initial Complaint.[1]  (Dkt. 20)  Defendant then filed a second Motion to Dismiss, this time asserting that Plaintiff's elimination of the TCPA claim deprived the Court of federal question jurisdiction and that Plaintiff failed to allege any other basis for federal subject matter jurisdiction.  (Dkt. 22)  The Court agrees.

Plaintiff's Amended Complaint contains only state statutory claims, which forecloses the Court's exercise of federal question jurisdiction, and the Amended Complaint does not detail the Parties' citizenship so as to invoke the Court's diversity jurisdiction.  28 U.S.C. § 1331; 28 U.S.C. § 1332(a)(1); Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1268 (11th Cir. 2013) (citation omitted) (finding that to invoke federal diversity

---

1 Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend it pleading . . . with the opposing party's written consent." Fed. R. Civ. P. 15(a)(2). The Court finds that Parties' instant Notice moving the Court to require Plaintiff to file an amended complaint suffices as Defendant's written consent to Plaintiff's filing of the Amended Complaint.

jurisdiction, a complaint "must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant").  Further, upon consideration, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.  See Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

Due to the foregoing jurisdictional defects, Defendant seeks to have Plaintiff's Amended Complaint dismissed with prejudice.  (Dkt. 22)  However, because this case was originally filed in state court, the consequence of the Court's lack of subject matter jurisdiction is remand, rather than dismissal.  See Myers v. Cent. Florida Investments, Inc., 592 F.3d 1201, 1226 (11th Cir. 2010) (citations omitted) (stating that "federal district courts in removal cases must remand, rather than dismiss, state claims over which they decline to exercise supplemental jurisdiction"); Lewis v. City of St. Petersburg, 260 F.3d 1260, 1267 (11th Cir. 2001) ("If the district court does decline to exercise supplemental jurisdiction, these claims shall be remanded to state court, rather than dismissed, because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441.") (citations omitted).

Accordingly, it is hereby **ORDERED** as follows:

1. The Parties' Motion to Reopen the Case, (Dkt. 19), is **GRANTED**.
2. In light of Plaintiff's having filed an amended complaint, the Parties' Motion to Require Plaintiff to Amend His Complaint or, alternatively, to Reinstate Ocwen's First Motion to Dismiss, (Dkt. 19), is **DENIED AS MOOT**.

3. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, (Dkt. 22), is **DENIED**. The Clerk is **DIRECTED** to **REMAND** this case to the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida.

4. Thereafter, the Clerk is **DIRECTED** to **TERMINATE** any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 2nd day of December, 2016.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person